**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Crim. No. **PJM 15-0360** |
| **JAMAAR DAVON BRANDON,** | * |
| Defendant | * |

**MEMORANDUM OPINION**

Defendant Jamaar Brandon, *pro se*, has filed a Motion for Reconsideration of his sentence, ECF No. 60. Having reviewed the Motion and the Government's Opposition thereto, the Court **DENIES** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2015, Brandon pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). ECF No. 30. The Presentence Report indicated, with a criminal history category I, his final offense level was 34 and his applicable sentencing guidelines range was 151-188 months. ECF No. 37, at ¶¶ 36, 39, 60. The plea agreement stated that the Government would seek a sentence of at least 60 months' imprisonment but not more than 151 months. ECF No. 30. In addition, Brandon waived his right to appeal unless his sentence exceeded the guidelines range for an offense level of 34. *Id.*

In its sentencing memorandum, the Government recommended a below-guidelines sentence of 120 months' imprisonment. ECF No. 47 at 1, 4-5. On March 18, 2016, the Court

sentenced Brandon to 96 months in prison followed by lifetime supervised release. ECF No. 53 at 2-3.

On January 24, 2017, Brandon wrote to the Court asking for reconsideration and reduction of his sentence. ECF No. 60. The Government filed an Opposition on May 17, 2017, ECF No. 61, and Brandon has not replied.

## II. ANALYSIS

Rule 35(a) of the Federal Rules of Criminal Procedure permits the reconsideration and correction of a sentence "[w]ithin 14 days after sentencing" only to correct an "arithmetical, technical, or other clear error." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting Fed. R. Crim. P. 35(a)) (internal quotation marks omitted). The scope of clear error under Rule 35(a) is "extremely narrow" in order to promote "openness and finality in sentencing." *United States v. Hall*, 644 F. App'x 274, 276 (4th Cir. 2016) (quoting *United States v. Fields*, 552 F.3d 401, 404–05 (4th Cir. 2009)). "The law closely guards the finality of criminal sentences against judicial 'change of heart.'" *Goodwyn*, 596 F.3d at 235 (quoting *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)).

In his Motion, Brandon asks the Court to reconsider his 96 month sentence in light of the fact that he is deeply sorry for his actions, has no criminal record, and has a young daughter at home. ECF No. 60. However, the law does not provide for such relief. Indeed, 18 U.S.C.§ 3582(c) "bars a district court from modifying a sentence 'unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 *expressly* permits the court to do so.'" *Hall*, 644 F. App'x at 276 (quoting *Goodwyn*, 596 F.3d at 235). Brandon cites no legal basis authorizing the Court to reduce his sentence. The Bureau of Prisons has not moved for a reduction nor has Brandon

shown clear error under Rule 35[1] or any amendment to his applicable guidelines range. Thus, the Court has no authority to grant the requested relief. *See id.* ("[T]here is no inherent authority for a district court to modify a sentence[.]")(quoting *Goodwyn*, 596 F.3d at 235).

Then, of course, there are the additional reasons cited by the Government in its Opposition. Brandon received a sentence that is already significantly below the applicable guidelines. Moreover, the Court imposed the sentence after a hearing at which he had the opportunity to present mitigating factors, including his lack of a criminal record, for the Court to consider. The Court is therefore satisfied that Brandon received a fair sentence and his Motion will not be granted.

### III.    CONCLUSION

For the foregoing reasons, Brandon's Motion for Reconsideration, ECF No. 60, is **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 18, 2017**

---

[1] In any event, the Motion would be untimely because it was filed after the 14 day deadline. Fed. R. Crim. P. 35(a).